

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OCCIDENTAL HOTELES MANAGEMENT, S.L. | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Case No. 08-cv-2165 |
| | ) Assigned Judge Joan B. Gottschall |
| HARGRAVE ARTS, LLC and | ) |
| CARTER HARGRAVE | ) Magistrate Judge Martin C. Ashman |
| | ) |
| Defendants. | ) |

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

FILED

AUG 2 8 2008  TC
Aug 28, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MOTION

This motion is made pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that Plaintiff and counsel William J Cremer as well as the firm of Cremer, Kopon, Shaughnessy & Spina, LLC, has knowingly filed with the Court, in violation of Rule11(b) of the Federal Rules of Civil Procedure, a Complaint that contains claims and other legal contentions that are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and allegations and other factual contentions that lack evidentiary support, and that Plaintiff and his counsel, within 21 days after service of the instant motion, have failed to withdraw such the Complaint, including such claims, contentions and allegations. This Motion is based on the following Points of fact;

1. Plantiff holds no valid trademarks on the name Occidental Hotels in the United States or in Spain, and its United States Trademark #1783030 was cancelled by the USPTO and is attempting to mislead the court into thinking a valid mark exists.
2. Plaintiff filed a case with the National Arbitration Forum Claim Number: FA0704000959645 to decide if defendants domain name was a violation of trademark; and the Honorable Robert T. Pfeuffer, Senior District Judge ruled that "Complainant has not demonstrated by sufficient evidence that it has rights in the OCCIDENTAL

mark" and "Complainant's OCCIDENTAL mark was cancelled on July 3, 2000 and that many other entities in the hotel business operate under the name OCCIDENTAL in some form" and therefore this case has already been decided in defendants favor and this is clearly venue shopping because they didn't like the verdict.
3. Plantiff has attempted to obtain a default judgement without valid service in yet another attempt to mislead and confuse the court and defendant.
4. Plantiff and council have been previously sanctioned and fined under rule 11 for venue shopping and filing case with no legal basis. Midlock v. Apple Vacations West, Inc., No. 04-2615 , UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 406 F.3d 453; 2005 U.S. App. LEXIS 6718; 61 Fed. R. Serv. 3d (Callaghan) 682, January 26, 2005, Argued , April 20, 2005
5. Plantiffs Complaint is replete with false and misleading allegations and is intended to harass the defendant and abuse the court.

## CONCLUSION

Collectively, these false and misleading allegations appear as if Occidental can prove a prima facie case,however, revealing these false and misleading allegations along with the pattern of rule 11 sanctions support Defendant's theory that this action should have never been filed with this Court. Defendant prays sanctions as well as expenses relief the court finds reasonable.

DATED: July 31, 2008

Respectfully submitted,

Carter R. Hargrave
Defendant
Pro Se
Soke@leejkd.com
Hargrave Arts LLC
Box 52820
Tulsa, Oklahoma 74152
Telephone: 918.742.5797

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I sent notice of the foregoing via United States certified mail return receipt to: William J Cremer, Cremer, Kopon, Shaughnessy, & Spina, LLC 180 N. Lasalle St., Suite 3300 Chicago, Il 60601

*[signature]*

Carter R. Hargrave
Defendant
Pro Se
Soke@leejkd.com
Hargrave Arts LLC
Box 52820
Tulsa, Oklahoma 74152
Telephone: 918.742.5797